Tcjckeb.. P.
The chancellor was right in reversing the decree of the county court, because there was no evidence of the payment by the appellant of the debt to Warner. Yet I am of opinion, that it was too rigorous to proceed to enter a dismissal of the bill, under the circumstances of the case. The bill distinctly alleged the payment; it was not denied by the adult defendants; and it can only be considered as put in issue by the general and sweeping denial of the answer of the guardian ad lilem for the infants, filed in the customary form. Had the objection been made in the county court, the evidence might have been supplied, and Warner’s representative might have been made a party, as indeed he ought to have been. But no objection was made. The court itself deemed the proofs sufficient: and by its very decree in the plaintiff ’s favor, it entrapped the appellant, if it be really true that the appellate court was bound to dismiss his bill, out and out. Such a course is certainly not calculated to further the purposes of justice, and should therefore be discountenanced. The chancellor, in reversing the decree, should have sent the cause back, with directions, that Warner should be made a party and an inquiry instituted as to the payment of the judgment by Cropper. In the case of Duff v. Duff’s ex’ors, 3 Leigh 523. I have explained my views of the spirit that ought to govern the courts in cases of this kind.
Cabell, .7.
I concur in reversing the decree, and remanding the cause, with directions that Warner’s representative shall be made a party, and an inquiry instituted as to the payment of the judgment by Cropper.
*432 Carr, J.
The decree of the county court setting aside Burtoris sale and conveyance of the mill &c. to Bagioell, and ordering a sale thereof to satisfy the plaintiff’s claim, was certainly erroneous, in the actual state of the case. In the first place, the demurrer should have been disposed of. It was, I think, well taken; for an exhibit made part of a bill ought always to be filed with it, and the clerk certifies that exhibit A. was never filed; but whether well taken or not, the demurrer ought to have been disposed of. In the second place, the plaintiff failed in proving the very gist of his bill. He could have no right whatever to file this bill, unless he had satisfied the claim of Warner, the assignee of the bond. Without an allegation of this kind, his whole bill would have been demurrable; for as the chancellor correctly says, he would have shewn no right either as a judgment creditor, or by way of substitution, to Warner, to question the fairness of the deed. With respect to the general, position, that all the allegations of a bill, not expressly denied by the answers, must be taken as admitted, I consider it incorrect and mischievous. When Scott v. Gibbon was referred to in the argument, it struck me, that the court had, in some case, since I was a member, had the subject before it; and I find, that in Coleman v. Lyne’s ex'or, 4 Rand. 454. the general proposition was disapproved, and the reasons and authorities given. It was added, that “ one or two cases were cited from our reports as countenancing the idea of the counsel; but they will be found to be cases (as in Page v. Winston, 2 Munf. 298.) in which the allegation in the bill was, that some fact did not exist, or that something was not done (negatives, which could hot be proved), or cases where the documents and circumstances in the cause, proved prima facie, that the fact alleged and not denied, was true, as in Scott v. Gibbon.” In the case before us, there could be no ground for the application of the principle ; for the parties chiefly interested, and claiming under the sale, are infants, whose guardian could make no admission to their injury, and did not attempt it. It is clear, then, that the decree of the county court was properly reversed. *433 But it was insisted, that the chancellor, instead of dismissing the bill, ought either to have retained it, or sent it back, to afford the plaintiff an opportunity of furnishing proof that he had satisfied the judgment of Warner. As a general rule, it would not seem to be the business of courts to exercise this kind of guardianship over persons sui juris, and able to take care of themselves; nor have we any evidence in this record, that the court was moved to retain or send the cause back, or that the party avowed his ability to produce the proof. I have, therefore, felt some doubt, as to reversing on this ground: but as my brethren think this the best course, I shall not gainsay it. As to the sale of the whole mill &c. out and out, as the chancellor has not considered it, I shall not now give any opinion on the point.
Decree reversed, and cause remanded.